IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KEVIN JIM,

      Petitioner,

vs.                           No. 1:18-cv-00757-KWR-KRS

WARDEN MARK BOWEN,

      Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the Petition Under 28 U.S.C. § 2254 For a Writ of Habeas Corpus by a Prisoner in State Custody filed by Petitioner, Kevin Jim. (Doc. 1) ("Petition"). The Court construes the Petition as proceeding under 28 U.S.C. § 2241 or, alternatively, under 42 U.S.C. § 1983 and determines that Petitioner Jim is not entitled to relief. The Court will dismiss the Petition with prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Jim is a prisoner incarcerated at the Northeastern New Mexico Detention Facility. (Doc. 1 at 1). In June 2018, he received a Disciplinary Report charging him with improper relations with a staff member or inappropriate relationship, a major misconduct violation. (Doc. 1 at 1). The Disciplinary Report was made by his caseworker, who reported that he had offered to paint her office and had stated that he could talk to her and get to know her better. (Doc. 1 at 13-14, 16). The caseworker was required by prison regulations to report the incident and was following the Deputy Warden's direction when she made the Report. (Doc 1 at 13-14). A Disciplinary Hearing Officer held a hearing based on the written Report, found Petitioner guilty of the violation, and imposed a sanction of 90 days loss of commissary privileges. (Doc. 1 at 13).

Petitioner Jim appealed the Hearing Officer's decision. (Doc 1 at 13-14). Jim challenged the decision was not based on the evidence, the punishment was excessive, and that new evidence or a witness would change the result. (Doc. 1 at 15). With his appeal, Jim submitted a letter from the caseworker confirming that the incident had happened, and stating that, although Jim's conduct made her uncomfortable, she did not think it warranted a major misconduct report and that she had been forced to file the report to comply with the Deputy Warden's order. (Doc. 1 at 16).

Warden Bowen upheld the Hearing Officer's decision, finding that all time limits had been met in the disciplinary proceeding, the charges were proper, the sanction was appropriate, all disciplinary procedural requirements had been met, and the decision was based on substantial evidence. (Doc. 1 at 13-14). He noted that the caseworker had verified the Report as accurate and had been required to make the report by prison regulations. (Doc. 1 at 13-14). Petitioner Jim then appealed the Warden's decision to the New Mexico Secretary of Corrections. (Doc. 1 at 12). The Secretary of Corrections denied the appeal, concurring in the Warden's summary, findings, and conclusions. (Doc. 1 at 11).

Jim filed his Petition in this Court on August 7, 2018. (Doc. 1 at 1). The only claim asserted in his Petition is a claim that the prison discipline violated due process. (Doc. 1 at 3). Petitioner Jim argues that he did not attempt to have an inappropriate relationship with staff and that the disciplinary decision was wrong because conversation with a staff member is not attempting a physical relationship. (Doc. 1 at 2). Jim asks the Court to overturn the Disciplinary Report and force removal from his records because a report of that nature is very damaging. (Doc. 1 at 10).

## ANALYSIS OF PETITIONER'S CLAIMS

Petitioner Jim filed this proceeding on a 28 U.S.C. § 2254 form. (Doc. 1). A proceeding under § 2254 challenges the constitutionality of the petitioner's underlying criminal conviction or

sentence.  28 U.S.C. § 2254(a).  Petitioner Jim does not challenge either his state court conviction

or his sentence.  Therefore, the substance of his Petition is not in the nature of a § 2254 claim.

Jim's Petition may arguably be construed as a habeas corpus case under 28 U.S.C. § 2241.

A proceeding under § 2241 is an attack by a person in custody upon the legality of that custody

and the traditional function is to secure release from illegal custody.  *Preiser, Correction*

*Commissioner v. Rodriguez,* 411 U.S. 475, 484 (1973).  A § 2241 petition "attacks the execution

of a sentence rather than its validity." *Brace v. United States,* 634 F.3d 1167, 1169 (10th Cir.2011).

A proper § 2241 petition concerns the fact or duration of a prisoner's confinement and seeks the

remedy of immediate release or a shortened period of confinement. *McIntosh v. U.S. Parole*

*Comm'n,* 115 F.3d 809, 812 (10th Cir.1997). Section 2241(c)(3) provides, in pertinent part, that

the writ of habeas corpus shall not extend to a prisoner unless he is in custody in violation of the

Constitution or laws or treaties of the United States. Thus, to state a claim under § 2241, a petitioner

must challenge the fact or duration—and not the conditions—of confinement.  *Lawrence v. Oliver*,

602 F. App'x 684, 687 (10th Cir. 2015).

In contrast, a civil rights action attacks the conditions of the prisoner's confinement and

requests monetary compensation or injunctive relief for such conditions.  *McIntosh v. U.S. Parole*

*Comm'n,* 115 F.3d at 812.   "'It is well-settled law that prisoners who wish to challenge only the

conditions of their confinement ... must do so through civil rights lawsuits ... not through federal

habeas proceedings.'" *Palma–Salazar v. Davis,* 677 F.3d 1031, 1035 (10th Cir.2012) (omissions

in original) (quoting *Standifer,* 653 F.3d at 1280).

The Court could construe Jim's Petition as challenging the manner of execution of his

sentence under 28 U.S.C. § 2241.  *Brace v. United States,* 634 F.3d at 1169. However, in this case,

Petitioner Jim does not challenge the fact or duration of his confinement. His petition addresses

his disciplinary proceeding and loss of privileges. (Doc. 1 at 2- 3, 10). He does not allege he should be immediately released or that any prison official has impermissibly increased the duration of his sentence. His petition seeks only the expungement of the incident from his inmate record. (Doc. 1 at 10). Further, although he claims a due process violation, his factual allegations do not raise any issue that his custody is in violation of the Constitution. § 2241(c)(3). Even under a liberal construction of Petitioner's claims, he has failed to allege a valid basis for a § 2241 petition. *See, e.g., Lawrence v. Oliver*, 602 F. App'x at 687–88.  The Petition fails to state a § 2241 claim for relief.

Although filed on a § 2254 form, the Court could also construe Jim's Petition as a civil rights complaint under § 1983. *McIntosh v. U.S. Parole Comm'n,* 115 F.3d at 812.  To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009).  Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have

done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original).  Petitioner Jim names Warden Mark Bowen as Respondent in this case.  (Doc. 1 at 1). However, the Petition contains no allegations against Warden Bowen.  The Complaint fails to state any § 1983 claim for relief against Respondent.  *Ashcroft v. Iqbal,* 556 U.S. at 676.

Further, although Jim makes generalized due process claims (Doc. 1 at 3), he does not factually specify how the conduct of any individual or entity resulted in a violation of his constitutional rights.  *Trask v. Franco*, 446 F.3d at 1046.  It is not clear from the record whether the 90-day loss of commissary privileges is sufficient to implicate constitutional due process rights. *See Muhammad v. Finley,* 74 F. App'x. 847, 849 (10th Cir.2003).  Jim's generalized allegations of denial of due process fails to state a factually sufficient civil rights claim.  *Ashcroft v. Iqbal,* 556 U.S. at 676.

However, even if Petitioner had properly pled a § 1983 claim for relief, Jim is not eligible for relief in this case.  Even assuming the discipline was sufficient to implicate a constitutional right, the record shows Jim was afforded all process that is due in prison disciplinary actions. The Fourteenth Amendment requires due process in disciplinary proceedings resulting in substantial loss of rights. *Wolff v. McDonnell*, 418 U.S. 539, 559 (1974).  However, prison disciplinary proceedings do not require the same level of due process that would be required in criminal court proceedings.  In general, the process due in prison disciplinary proceedings includes: (1) written notice of the claimed violations; (2) disclosure of evidence against the prisoner; (3) an opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for

not allowing confrontation); (5) a neutral and detached hearing officer; and (6) a written statement by the factfinders as to the evidence relied on and reasons for the decision. *Wolff*, 418 U.S. at 559.

In prison administrative proceedings, due process does require that there be some evidence to support the decision. *See, e.g., United States ex rel. Vajtauer v. Commissioner of Immigration,* 273 U.S. 103, 106 (1927). Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary officer. *Willis v. Ciccone,* 506 F.2d 1011, 1018 (8th Cir. 1974). The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact. Disciplinary actions are not comparable to a criminal conviction, and neither the amount of evidence necessary to support such a conviction, nor any other standard greater than some evidence, applies in this context. *Compare Jackson v. Virginia,* 443 U.S. 307, 313-316 (1979) *with Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455–56 (1985).

In this case, the record shows that Jim was given written notice of the claimed violation. (Doc. 1 at 15-16).  The Notice disclosed the evidence against him.  (Doc. 1 at 15-16).  A hearing was held before a neutral and detached hearing officer and Jim was afforded an opportunity to be heard in person, to present his evidence, concerns, and issues with the process, and to confront the evidence and witnesses against him. (Doc. 1 at 15-16). He was given a written statement by the hearing officer as to the evidence relied on and reasons for the decision.  (Doc. 1 at 15-16).  Last, he was allowed to appeal the decision to the Warden and the Department of Corrections, each of which concluded that all procedural requirements had been met and the hearing officer's decision

was supported by the evidence.  (Doc. 1 at 11, 13-14).  Jim was afforded all process due in a prison

disciplinary proceeding consistent with the Constitution.  *Wolff v. McDonnell*, 418 U.S. at 559.

Jim has not demonstrated the existence of an actual or threatened constitutional violation

sufficient to support habeas corpus relief.  Nor has he established the existence of a violation of

protected constitutional rights sufficient to afford him relief under § 1983.  If he did possess a

protected interest, he was afforded constitutionally sufficient due process, and his unsupported,

generalized allegations do not state a claim for relief. *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th

Cir. 1991) Petitioner has failed to make a substantial showing of entitlement to relief and the Court

will dismiss the case.

**IT IS ORDERED** that the Petition Under 28 U.S.C. § 2241 For a Writ of Habeas Corpus

filed by Petitioner, Raymond P. Ortiz. (Doc. 1) is **DISMISSED WITH PREJUDICE.**

_____

KEA W. RIGGS

UNITED STATES DISTRICT JUDGE